PARKER BRAWNER CO. v. HARRIS ICE CREAM CO.

(February 16, 1931. Opinion and Decree.)
(March 2, 1931. Rehearing Refused.)

J. J. Cullinane and E. J. Thilborger, of New Orleans, attorneys for plaintiff, appellant.

W. A. Porteous, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Parker Brawner Company, a corporation domiciled in Washington, D. C., is engaged in the manufacture and sale of supplies of advertising specialties for

confectioners and vendors of ice cream, cakes, et cetera. For several years prior to the occurrences which gave rise to this litigation, it had sold its wares to the Harris Ice Cream Company, a corporation doing business in this city. It now sues for $256.16, with interest, et cetera, alleging that amount to be the balance due for purchases for which payment has not been made.

Defendant refuses to pay the balance claimed to be due on the said account, contending that certain articles sold it, to-wit, four issues of an advertising medium known as "Hospitality Magazine," did not include on the outside rear cover the advertisement of defendant. which, according to the terms of the contract, should have been printed thereon.

Plaintiff admits that the advertising matter of defendant was not printed on the magazines, but contends that the omission resulted from defendant's failure to furnish the "copy" therefor. Defendant answers this contention of plaintiff by averring that it was understood the salesman who took the order would prepare the advertising matter, and that this had been customary in the past.

It is conceded that the magazines were of no value to the defendant, in the absence of its advertisement, but the litigation depends, for its determination, on the question of upon whom rested the duty of preparing the "copy." The trial court rendered judgment for defendant.

Had there been only one issue of the magazine, we would not be inclined to reverse the finding of our brother below, but we cannot overlook the fact that four separate issues were sent to defendant at quarterly intervals. E. R. Harris, apparently an officer of defendant corporation, and who styles himself as defendant, testified that, when the first issue was received, consisting of some 540 copies of the magazine, he attempted to have the advertisement inserted locally, but found that this was not practical.

Surely, after such an experience, it was defendant's duty to make certain that the matter which it wished inserted in its advertisement on future copies be sent to plaintiff in time for insertion. No attempt is made to prove that it did send on information as to what it wished included in the future advertisements until just before the appearance of the final issue, and in the letter giving the information intended for the final issue no complaint was made about the fact that the earlier issues had not contained the proper advertisements. A careful study of the entire record convinces us that the fault lay with the defendant and not with plaintiff.

Furthermore, we find, from an examination of the account, that defendant, apparently without objection, has paid more than would be due on the open account for other purchases, if its contention is correct in regard to the "Hospitality Magazines." This may have been through inadvertence, but, when viewed in connection with the other actions of defendant, it is corroborative, and convinces us that our conclusion is correct, and that defendant is liable for the balance claimed to be due.

It is therefore ordered, adjudged and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that there now be judgment in favor of plaintiff, Parker Brawner Company, and against defendant, Harris Ice Cream Company, in the sum of $256.16, with interest thereon at 5 per cent from July 30, 1929, until paid, and for all costs.